```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :    SEALED INDICTMENT

          - v. -                  :    11 CRIM 836

DIDIER GERSON RIOS GALINDO,       :
    a/k/a "El Nenguere,"
    a/k/a "Marcos Rios,"          :
    a/k/a "Chavelin," and
                                  :
YESID RIOS SUAREZ,
    a/k/a "El Enano,"             :

                   Defendants.    :

- - - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/11

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

1. From in or about 1992, up to and including the present, in Colombia and elsewhere, DIDIER GERSON RIOS GALINDO, a/k/a "El Nenguere," a/k/a "Marcos Rios," a/k/a "Chavelin," and YESID RIOS SUAREZ, a/k/a "El Enano," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that DIDIER GERSON RIOS GALINDO, a/k/a "El Nenguere," a/k/a "Marcos Rios," a/k/a "Chavelin," and YESID RIOS SUAREZ, a/k/a "El Enano," the defendants, and others known and unknown, would and did import into the United States from a place outside thereof a controlled substance, to wit, five kilograms and more of mixtures

JUDGE FORREST

Case 1:11-cr-00836-KBF   Document 3   Filed 09/29/11   Page 2 of 5

and substances containing a detectable amount of cocaine, in violation of Sections 812, 952, and 960(a)(1) & (b)(1)(A) of Title 21, United States Code.

       3. It was a further part and an object of the conspiracy that DIDIER GERSON RIOS GALINDO, a/k/a "El Nenguere," a/k/a "Marcos Rios," a/k/a "Chavelin," and YESID RIOS SUAREZ, a/k/a "El Enano," the defendants, and others known and unknown, would and did manufacture and distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, and coca leaves, intending and knowing that such controlled substance would be unlawfully imported into the United States, in violation of Sections 959, 960(a)(3) and 960(b)(1)(B) of Title 21 of the United States Code.

       (Title 21, United States Code, Section 963)

## OVERT ACTS

       4. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in Colombia and elsewhere;

       a. From in or about 1996, up to and including the present, DIDIER GERSON RIOS GALINDO, a/k/a "El Nenguere," a/k/a "Marcos Rios," a/k/a "Chavelin," and YESID RIOS SUAREZ, a/k/a "El Enano," the defendants, oversaw the manufacture of tens of thousands of kilograms of cocaine in clandestine laboratories that they operated in the Arauca department of Colombia and other areas of Colombia near the Venezuelan border.

b.  From in or about 1996, up to and including the present, DIDIER GERSON RIOS GALINDO, a/k/a "El Nenguere," a/k/a "Marcos Rios," a/k/a "Chavelin," and YESID RIOS SUAREZ, a/k/a "El Enano," the defendants, oversaw the distribution of tens of thousands of kilograms of cocaine to the United States and other countries (via various intermediate shipping points) from clandestine landing strips that the defendants operated in Colombia and Venezuela.

**FORFEITURE ALLEGATION**

5.  As a result of committing the controlled substance offense alleged in Count One of this Indictment, DIDIER GERSON RIOS GALINDO, a/k/a "El Nenguere," a/k/a "Marcos Rios," a/k/a "Chavelin," and YESID RIOS SUAREZ, a/k/a "El Enano," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting and derived from any proceeds that the defendant obtained directly and indirectly as a result of said violation and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of these offenses.

Substitute Assets Provision

6.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 21, United States Code, Sections 853, 959, 963, and 970.)

_____  
FOREPERSON

_____  
PREET BHARARA  MF  
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DIDIER GERSON RIOS GALINDO,
    a/k/a "El Nenguere,"
    a/k/a "Marcos Rios,"
    a/k/a "Chavelin," and

YESID RIOS SUAREZ,
    a/k/a "El Enano,"

                            Defendants.

SEALED INDICTMENT

(21 U.S.C. § 963)

                    PREET BHARARA
              United States Attorney.

        A TRUE BILL

                            Foreperson.