```
                                            ┌─────────────────────────────────┐
                                            │ USDC SDNY                       │
                                            │ DOCUMENT                        │
                                            │ ELECTRONICALLY FILED            │
                                            │ DOC #: _____         │
                                            │ DATE FILED: May 15, 2014        │
                                            └─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA                        :
                                                :
                                                :
                                v.              :          11 Cr. 836 (KBF)
                                                :
                                                :          MEMORANDUM
YESID RIOS SUAREZ,                              :          DECISION & ORDER
                                                :
                                Defendant.      :
-----------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

On September 29, 2011, an Indictment was returned against Yesid Rios
Suarez, a Colombian citizen, charging him with participation in a conspiracy to
import cocaine. (ECF No. 3.) He was extradited from Colombia and arraigned in
this Court on May 2, 2013. The defendant pled guilty to the Indictment on
February 4, 2014, and sentencing is scheduled for June 6, 2014. The defendant
disputes several facts relevant to sentencing. The Court held a <u>Fatico</u> hearing on
May 2 and 7, 2014, at which two witnesses (Yon Pelayo Garzon Garzon and Luis
Ramirez Pajon) testified on behalf of the Government.[1] The instant Decision
constitutes the Court's findings as to those disputed facts.

The Government has proffered a calculation of the defendant's offense level
under the Sentencing Guidelines as follows:

- The conspiracy involved thousands of kilograms of cocaine, which
  would result in a base offense level of 38, pursuant to U.S.S.G. §
  2D1.1(c)(1);

---

[1] The defendant declined to call any witnesses at the hearing.

- The defendant was a leader or organizer of the conspiracy, and the conspiracy involved five or more participants and was otherwise extensive, resulting in a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a);

- The defendant was directly involved in the importation of a controlled substance and committed the offense as part of a pattern of criminal conduct engaged in as a livelihood, which results in a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(14)(C) and (D);

- The defendant both carried or caused members of the conspiracy to carry dangerous weapons (e.g. firearms) in furtherance of the charged conspiracy, which results in a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1);

- The defendant unlawfully imported a controlled substance under circumstances in which an aircraft other than a regularly scheduled commercial carrier was used to import the controlled substance, which results in a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(3); and

- The defendant directed the use of violence, which results in a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(2).

Based on its representations at the change of plea hearing, the Government does not contest a three-level reductions for the defendant's timely acceptance of responsibility. (See 2/4/14 Plea Tr. at 6, ECF No. 48.) The Government's

Guidelines' calculation results in an offense level of 47.  Pursuant to U.S.S.G. § 5A,

Application Note 2, offense levels above 43 are treated as an offense level of 43.

Thus, according to the Government, the defendant's offense level is 43.  This

corresponds to a Guidelines range of life imprisonment, regardless of the

defendant's criminal history category.

The defendant's proposed Guidelines calculation contains notable differences.

According to the defendant, he is responsible for one instance of loading five

kilograms of cocaine into an airplane as a low level employee.  This conduct would

result in the following calculation of his offense level:

- Pursuant to U.S.S.G. § 2D1.1(c)(4), the defendant's base offense level
  should be 32;

- Use of an airplane on an other than regularly scheduled commercial
  flight would add two levels pursuant to U.S.S.G. § 2D1.1(b)(3); and

- Acceptance of responsibility would lead to a three-level decrease
  pursuant to U.S.S.G. § 3E1.1(a) and (b).

The defendant's calculation would therefore result in an adjusted offense

level of 31, with a criminal history category of I, which results in a Guidelines range

of 108 to 135 months.

I.     APPLICABLE LEGAL PRINCIPLES

Courts faced with disputed factual issues relevant to a sentencing proceeding

have broad discretion in determining how to resolve such issues.  United States v.

Bahel, 662 F.3d 610, 646 (2d Cir. 2011).  Courts can, but are not required to, hold

evidentiary hearings at which witnesses testify and are subjected to cross-examination.  See United States v. Fatico, 597 F.2d 707, 711-14 (2d Cir. 1978). Because such factual disputes are in connection with a sentencing proceeding, courts are not bound by rules governing hearsay, so long as the basis for the court's determination has indicia of reliability and is not otherwise contrary to a defendant's due process rights.  Id. at 713-14.

A court must make its determinations of disputed issues using the "preponderance of the evidence" standard.  United States v. Ahders, 622 F.3d 115, 119 (2d Cir. 2010); United States v. Garcia, 413 F.3d 201, 220 n.15 (2d Cir. 2005).

## II.   DISCUSSION

Based upon the record before the Court and the Court's determination of the disputed factual issues, the appropriate calculation of the defendant's offense level under the Guidelines is 49 which, pursuant to U.S.S.G. § 5A, Application Note 2, is treated as an offense level of 43.  The Court has studied the record; it found the two witnesses who testified live to be credible.  They were consistent and not evasive in their testimony.  The Court finds the following by a preponderance of the evidence.

The defendant was a leader of a criminal enterprise that involved more than five participants—the enterprise included a number of individuals responsible for manufacturing cocaine in laboratories (Garzon testified to seeing over fifteen people working at a laboratory), transporting cocaine to air strips, loading airplanes with cocaine, receiving money from airplanes on return trips or receiving money from trucks, and financiers, and was otherwise extensive.  Indeed, the criminal

conspiracy was a sophisticated, vertically integrated enterprise that extended over a large territory (including both manufacturing and distribution operations.)  The testimony of Garzon and Ramirez Pajon indicates that the defendant participated in this enterprise beginning in the 1990s and for more than fifteen years, and that the enterprise generated millions of dollars in revenue during that time.

The Court also finds by a preponderance of the evidence that the conspiracy involved thousands of kilograms of cocaine.  Witnesses testified credibly to conspiratorial conduct in which the defendant played a role, involving thousands of kilograms of cocaine.  The testimony described numerous instances of planes loaded with hundreds of kilograms at a time (Garzon testified to personal involvement in loading over 5000 kilograms), as well as other transactions involving thousands of additional kilograms (according to Ramirez Pajon, during a different time period from that as to which Garzon testified).

The Court finds by a preponderance of the evidence that the defendant caused members of the conspiracy, including individuals guarding the laboratories at which the cocaine was manufactured (and as to which the defendant had supervisory responsibility) to carry weapons.  In addition, in furtherance of maintaining the secrecy of the operation, the defendant caused men armed with weapons to murder two men. The men were tied up at the order of the defendant, taken to a location at which Garzon saw them shot with guns and killed.

The Court finds by a preponderance of the evidence that these two murders also constituted a direction by the defendant to use violence.  In another instance,

5

the defendant supervised men loading explosives into an airplane to drop on oil pipelines in a terrorist attack. (The Court notes that while there was testimony regarding two murders in the early 1990s, it was unclear whether those murders related to the charged conspiracy or whether they related to a separate conspiracy to commit extortion on area businesses.)

The Court finds by a preponderance of the evidence that the defendant was directly involved in the importation of cocaine and committed the offense as part of criminal conduct engaged in as a livelihood. There is ample evidence in the record to support the defendant's extensive and ongoing involvement in this narcotics conspiracy, which grossed very substantial sums of money. There is no evidence that the defendant engaged in any legitimate occupation during that time.

III.   CONCLUSION

For the reasons set forth above, the Court finds by a preponderance of the evidence that the defendant was an organizer or leader of the conspiracy; the conspiracy involved thousands of kilograms of cocaine; the defendant caused members of the conspiracy to carry firearms as part of their work in connection with the conspiracy; that the defendant directed the use of violence; and that the defendant committed the offense as part of a pattern of criminal conduct engaged in as a livelihood.

SO ORDERED.

Dated:        New York, New York
              May 15, 2014

                          _____
                          KATHERINE B. FORREST
                          United States District Judge

7